UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ROBERT MCKENNEY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 2:17-cv-00140-DBH |
| | ) | |
| KEVIN JOYCE, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION
## BASED ON PLAINTIFF'S FAILURE TO PROSECUTE

On April 17, 2017, Plaintiff filed a complaint and an Application to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2.) The Court granted the motion on April 21, 2017 (ECF No. 3), and ordered Plaintiff to notify the Court no later than May 12, 2017, of his intent to proceed with this action and to acknowledge in his notice that he understands his obligation to pay the complete filing fee as the requisite funds become available to him. Through the order, the Court informed Plaintiff that a failure to comply with the order would result in a dismissal recommendation. On May 10, 2017, the Court's mailing of its Order was returned marked by the U.S. Postal Service as undeliverable: "RTS not here."

Because Plaintiff failed to comply with the order, on June 1, 2017, the Court issued an Order to Show Cause. (ECF No. 5.) In the Show Cause Order, the Court established June 15, 2017, as the date by which Plaintiff was to show cause in writing as to why he failed to comply with the Court's order requiring that he notify the Court of his intent to proceed with this action. The Court again advised Plaintiff that if he failed to show cause, his complaint

could be dismissed. Plaintiff has not responded to the Show Cause Order, and has not otherwise communicated with the Court. To date, the mailing of the Order to Show Cause has not been returned by the U.S. Postal Service.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Here, Plaintiff has failed to comply (a) with the Court's April 24, 2017, Order that required Plaintiff to notify the Court of Plaintiff's intent to proceed (ECF No. 3), and (b) with the Court's Order to Show Cause (ECF No. 5). Plaintiff thus has not only failed to comply with two of the Court's orders, but insofar as he has not notified the Court of his intent to proceed, Plaintiff has also failed to prosecute his claim.

The fact that Plaintiff might have relocated and not received all of the Court's orders does not absolve him of his obligation to prosecute this action. Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424,

1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication."); *see also* Information for Pro Se Parties, Responsibilities of the Pro Se Litigant ¶ 6: "You must keep the Court and the other party advised of any change of your address or telephone number. … Failing to do so may result in the imposition of sanctions, which could include the dismissal of your case." (United States District Court, District of Maine handout for pro se litigants, also available online).

Given Plaintiff's failure to comply with the Court's orders, his failure otherwise to prosecute the action, and his lack of communication with the Court following the filing of the complaint and Application for Leave to Proceed *In Forma Pauperis* on April 17, 2017 (ECF No. 2), dismissal is warranted. Because Plaintiff evidently did not receive the Order granting his Application to Proceed *In Forma Pauperis* and might not have received the Order to Show Cause, and because the complaint has not been served on the defendants, dismissal without prejudice is appropriate.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of June, 2017.